# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYFUN KARAUZUM,<br><br>    Petitioner,<br><br>v.<br><br>STEVEN MERLAK,<br><br>    Respondent. | Case No. 1:19-cv-01190-DAD-JDP<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS MOOT<br><br>ECF No. 1 |

Petitioner Tayfun Karauzum, a federal prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. This matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. *See* Rules Governing Section 2254 Cases, Rule 4; 28 U.S.C. § 2243. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). We order petitioner to show cause why the petition should not be dismissed as moot.

**Discussion**

Petitioner's sole request for relief is a change in his prison placement from incarceration to home confinement. ECF No. 1. Petitioner stated that his projected release date was December

11, 2019, *see id*. at 7, and the Bureau of Prison's ("BOP") inmate locator indicates that he was released on that day.[1]

The "case-or-controversy requirement of Article III, § 2, of the Constitution subsists through all stages of federal judicial proceedings, trial and appellate . . . . The parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477-78 (1990) (internal quotations omitted). Therefore, throughout civil proceedings, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id*. at 477. "[I]f it appears that [the court is] without power to grant the relief requested, then the case is moot." *Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991).

Custody is a "concrete injury." *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Once custody has ended, "some concrete and continuing injury" other than detention—a "collateral consequence"—must exist if a habeas petition is to be maintained. *See id*. When a habeas petitioner challenges his underlying criminal conviction, collateral consequences are presumed to exist, even after a petitioner has been released from custody. *See id*. However, collateral consequences are not presumed where a habeas petitioner challenges an action other than a criminal conviction. *Id*. at 12-13. In those cases, the petition is moot once the petitioner is released from custody, unless the petitioner can show that he will suffer collateral consequences. *Id*. at 14.

Here, petitioner's sole request for relief was placement in home confinement, ECF No. 1 at 5, and he is no longer in BOP's custody. Because it is now "impossible for [the] court to grant any effectual relief" on petitioner's claim, that claim is moot. *See Dominguez v. Kernan*, 906 F.3d 1127, 1132 (9th Cir. 2018). Further, petitioner did not allege any current or future collateral consequences from his custody. Because collateral consequences are not presumed in habeas cases challenging custody, petitioner had the burden to show he would suffer collateral

---

[1] *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited February 19, 2020) (showing petitioner Tayfun Karauzum, inmate number 58247-053, released on December 11, 2019).

2

consequences. *See Spencer*, 523 U.S. at 14. Therefore, because petitioner is no longer in custody and he has failed to allege any collateral consequences of his custody, his petition is moot. *See id*.

**Order**

Within fourteen days of the date of service of this order, petitioner must show cause why the court should not summarily dismiss the petition as moot. Failure to comply with this order may result in the dismissal of the petition.

IT IS SO ORDERED.

Dated: February 21, 2020

_____
UNITED STATES MAGISTRATE JUDGE

No. 206.