UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYFUN KARAUZUM,<br><br>  Petitioner,<br><br>  v.<br><br>STEVEN MERLAK,<br><br>  Respondent. | Case No.  1:19-cv-01190-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION AS MOOT<br><br>OBJECTIONS DUE IN 30 DAYS<br><br>ECF No. 1 |

Petitioner Tayfun Karauzum, a federal prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  On February 24, 2020, we ordered petitioner to show cause why the petition should not be dismissed as moot.  Petitioner has not responded to our order, and the time for doing so has passed.[1]  For the reasons stated below, we recommend that the petition be dismissed as moot.

**Discussion**

As stated in our order to show cause, it appears that petitioner has failed to meet the Constitution's "case-or-controversy requirement," which mandates that "parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S.

---

[1] On March 3, 2020, mail directed to petitioner was returned to the court as undeliverable.  Under Local Rule 183(b), petitioner's notice of change of address was due on May 11, 2020.  Because petitioner has not updated his address with the court and the time for doing so has passed, his petition may be dismissed without prejudice for failure to prosecute.  *See* Local Rule 183(b).

1

472, 477-78 (1990) (internal quotations omitted). To meet this requirement, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id*. at 477. "[I]f it appears that [the court is] without power to grant the relief requested, then the case is moot." *Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991).

Here, petitioner's sole request for relief was a change in his prison placement from incarceration to home confinement. ECF No. 1. Petitioner stated that his projected release date was December 11, 2019, *see id*. at 7, and the Bureau of Prison's ("BOP") inmate locator indicates that he was released on that day.[2] The relief petitioner sought—release to home confinement—cannot be redressed by a favorable decision here. Petitioner has already been released from BOP custody and there are no other claims for us to address. Therefore, we recommend that the petition be dismissed as moot.[3]

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's dismissal of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made a substantial

---

[2] *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited May 12, 2020) (showing petitioner Tayfun Karauzum, inmate number 58247-053, released on December 11, 2019).

[3] Moreover, petitioner has failed to comply with our order to show cause and has failed to prosecute his case, which are additional grounds for dismissal of the petition. *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

showing of the denial of a constitutional right.  Thus, we recommend that the Court decline to issue a certificate of appealability.

**Findings and Recommendations**

For the foregoing reasons, we recommend that the court dismiss the petition and decline to issue a certificate of appealability.  These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within thirty days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    May 12, 2020

UNITED STATES MAGISTRATE JUDGE

No. 206.