UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYFUN KARAUZUM,<br><br>  Petitioner,<br><br> v.<br><br>STEVEN "MIKE" MERLAK,<br><br>  Respondent. | No.  1:19-cv-01190-DAD-HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 12) |

Petitioner Tayfun Karauzum is a former federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 12, 2020, the then-assigned magistrate judge issued findings and recommendations recommending that the pending petition be dismissed as moot because petitioner had been released from custody and placed on home confinement as of December 11, 2019.[1]  (Doc. No. 12.)  The pending findings and recommendations were served on petitioner at his address of record and contained notice that any objections thereto were to be filed within thirty (30) days of service.  (*Id*. at 3.)  On May 27, 2020, the pending findings and

---

[1] Therein, the then-assigned magistrate stated that the Bureau of Prison's inmate locator indicated that petitioner had been released from prison on December 11, 2019. (Doc. No. 12 at 2.)  The undersigned conducted a search, which revealed the same information.

1

recommendations were returned to the court as undeliverable. Plaintiff has not filed objections or updated his address of record, and the time to do so has since passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Having determined that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. The federal rules governing habeas cases brought by state prisoners require a district court issuing an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal, rather an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see* 28 U.S.C. § 2253(c)(1)(A) (permitting habeas appeals from state prisoners only with a certificate of appealability). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right" 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard, 28 U.S.C. § 2253(c)(3). In the present case, the court finds that reasonable jurists would not find the court's rejection of petitioner's claims to be debatable or conclude that the petition should proceed further. Moreover, it appears at this time that any alleged error has been corrected by his release. Thus, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on May 12, 2020 (Doc. No. 12) are adopted in full;
2. The petition for writ of habeas corpus is dismissed;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **March 8, 2021**

UNITED STATES DISTRICT JUDGE

2